(C. D. 1339)

COLOMBY WATCH CO. (ROHNER GEHRIG & Co., INC.) v. UNITED STATES

United States Customs Court, Second Division

(Decided June 25, 1951)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.
*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) as *amicus curiae*.

Before LAWRENCE and RAO, Judges; FORD, J., not participating

LAWRENCE, Judge:  An importation of watch crowns, which were designed for use in the production of waterproof watches, was classified by the collector of customs as assemblies or subassemblies consisting of six parts each, and duty was assessed thereon at the rate of 2 cents on each part, or a total of 12 cents on each crown, pursuant to the terms of paragraph 367 (c) (3) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 367 (c) (3)), as modified by the trade agreement between the United States and Switzerland, 69 Treas. Dec. 74, T. D. 48093, effective February 15, 1936.

Plaintiff contends that the crowns in controversy are integral parts of the imported waterproof watch cases and, as stated in its brief filed herein, "that these watch cases and crowns are entireties for duty purposes and, as such, the complete cases are properly dutiable at the rate of 25% ad valorem plus 10¢ each under the provisions of said Paragraph 367 (f) (4), as modified."

An alternative claim is made in the protest that if the watch crowns are not dutiable as claimed above, they should be classified as articles or wares wholly or in chief value of metal and subjected to duty at the rate of 45 per centum ad valorem, as provided in paragraph 397 of said act.

The pertinent provisions of the statutes above referred to are here set forth:

Paragraph 367, as modified by T. D. 48093, *supra*:

367 (a)  Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed to be worn or carried on or about the person, all the foregoing, if less than 1.77 inches wide and not having more than 17 jewels, whether or not in cases, containers, or housings:

\*       \*       \*       \*       \*       \*       \*

367 (c)  Parts specified hereunder for any of the movements, mechanisms, devices, or instruments provided for in paragraph 367 shall be dutiable as follows:

    (3)  Each assembly or subassembly (unless dutiable under clause (1) of subparagraph 367 (c)) consisting of two or more parts or pieces of metal or other material joined or fastened together shall be subject to a duty of_____ 2¢ for each such part or piece of material,

\*       \*       \*       \*       \*       \*       \*

367 (f)  All cases, containers, or housings, designed or suitable for the enclosure of any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

\*       \*       \*       \*       \*       \*       \*

    (4)  If of base metal (and not containing gold, silver, or platinum)_____ 10¢ each and 25% ad val.

Paragraph 397, Tariff Act of 1930:

Articles or wares not specially provided for,  \*  \*  \*  if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

In their imported condition the watch crowns which are before us for consideration were attached to watch cases, and a sample illustrating the merchandise was received in evidence as exhibit 1.  It is not disputed that the crown represented by exhibit 1 is made up of 6 parts and is composed of base metal, not plated with platinum, gold, or silver.

Illustrative exhibit 2 was received in evidence as representing the ordinary type of watch crown which is not used on waterproof cases.

Plaintiff's illustrative exhibit 3 represents a watch case without a crown attached, being the type of watch case with which the crown represented by illustrative exhibit 2 is fitted.

Illustrative exhibit 4 consists of a chart illustrating a waterproof crown of the kind here under consideration, disassembled into its 6 parts, consisting of a base crown, 2 pressure springs, 2 washers, and a gasket.

It is the contention of the plaintiff that because these crowns are imported attached to the cases with which they are ultimately to be used, and are so fitted to the cases as to create a waterproof watch, they should be treated as indispensable and integral parts of watch cases and, with the watch cases, classified for duty as entireties.

While it is true that these crowns are fitted to the cases of watches with great accuracy and precision, it is also undeniably true that the crowns are attached to the watch movements and by means of which the watches are wound and kept in operation. Without the crown attached to the movement, the watch would be practically useless for the purpose for which it is intended.

Upon the undisputed facts of record, we are clearly of the opinion that this case is controlled in principle by the decision of our appellate court in *Hammel Riglander Pennant Corp.* v. *United States*, 22 C. C. P. A. (Customs) 204, T. D. 47139. It appears that the merchandise in that case consisted of certain gold-plated watch crowns composed of two pieces of material, a core and a shell, the shell being clamped over the core, and, it being shown that they were to be attached to watch stems, which latter, the court stated, are parts of watch movements, it was held that they were properly dutiable as *assemblies or subassemblies*, as provided in paragraph 367 (c) (3) of the Tariff Act of 1930. The court concluded its opinion in that case as follows:

In view of the fact that the involved watch crowns, although parts of watch movements, are composed of two parts or pieces of metal joined or fastened together, they are within the literal meaning of the language contained in clause (3), *supra*. Moreover, considering the language and the legislative history of the provisions in question, we are of opinion that the Congress meant exactly what it said, and that, whether they are called assemblies or subassemblies, two or more *finished parts* of metal or other material joined or fastened together, and, also, *two or more pieces* of metal or other material joined or fastened together, were intended, unless expressly excepted therefrom, to be dutiable under those provisions. * * * [Italics quoted.]

Plaintiff seeks to distinguish the *Hammel Riglander* case, *supra*, contending that the watch crowns in controversy are specially constructed and so designed as to become integral and constituent parts of waterproof watch cases and, hence, should be distinguished from the ordi-

nary type of crowns, such as those referred to in the *Hammel Riglander* case, which are commonly used on watches which are not waterproof.

We fail to see, however, that any distinction in principle should be made between an ordinary watch crown consisting of two parts and a more complicated watch crown composed of six parts, when it clearly appears from the record that, regardless of the difference in the construction of the two types of watch crowns, they are both, when in use, attached to watch stems which are, as held by the court in the *Hammel Riglander* case, *supra*, parts of watch movements. Applying the reasoning of the court in that case to the facts before us in the present case, we hold that the imported watch crowns which form the subject of this controversy are properly dutiable as assemblies or subassemblies within the meaning of paragraph 367 (c) (3), *supra*.

We have examined the various cases cited by counsel in their briefs, but, in view of the conclusion we have reached, find it unnecessary to discuss all of them here.

For the reasons assigned above, we overrule the protest of plaintiff in all respects and affirm the decision of the collector of customs.

Judgment will be entered accordingly.